(Decided June 18th, 1896.)

---

## THE BOARD OF SCHOOL COMMISSIONERS OF WASHINGTON COUNTY *vs.* JOHN E. WAGAMAN.

*Public Schools—Teacher's Certificate—Extension of Certificate—Appointment of Teacher by District School Trustees.*

Code, Art. 77, sec. 63, provides that the certificate of a teacher in the public schools issued by a County Examiner shall continue in force for five years, unless revoked for cause.  Art. 77, sec. 11, authorizes the State Board of Education to enact by-laws for the administration of the public schools.  One of their by-laws empowers a County Examiner to extend a teacher's certificate for five years from the original date, and provides that a certificate of the first grade may be renewed without an examination.  Plaintiff held a certificate dated July 1, 1886.  The County Examiner first extended this certificate to July 1, 1889, then to July 1, 1892, and afterwards to June 1, 1897.  Plaintiff was appointed teacher of a school by the District Trustees in 1886 and continued to serve as teacher and as principal. In February, 1895, the County Board of School Commissioners passed an order annulling all teachers' certificates, with certain exceptions, after June, 1895, and requiring a re-examination.  Plaintiff refused to take the examination, but was re-appointed principal of the school in August, 1895, by the District Trustees.  This appointment was rejected by the School Board.  Code, Art. 77, sec. 27, authorizes the District Trustees to employ teachers, holding certificates, subject to

confirmation by the School Board. In an action by plaintiff to recover his salary accruing after August, 1895, *Held*,

1st. That assuming that the by-laws of the State Board of Education, authorizing the extension of a teacher's certificate for five years, was a valid exercise of power, yet the certificate held by the plaintiff had not been extended in compliance therewith, and he did not hold a valid certificate at the time of his re-appointment.

2nd. That the appointment of plaintiff by the District Trustees in August, 1895, was also invalid because it was not confirmed by the Board of School Commissioners.

Appeal from a judgment of the Circuit Court for Washington County. The by-law of the State Board of Education referred to in the opinion of the Court is as follows : "Art. 6, sec. 3. Terms of Certificate.—No certificate shall continue in force longer than six months from the date of issue, unless the Examiner is satisfied from personal observation of the teacher's fitness to govern a school and impart instruction. When the Examiner is satisfied on these points he may extend the certificate for five years from the original date. Certificates of the first grade, and second grade certificates of the first class, may be renewed without examination. Examiners who wish to have second grade certificates of the second or third class extended beyond the term of five years without a re-examination, shall report the case to the State Board for their action."

At the trial, the first three exceptions were taken to the refusal of the Court to admit evidence relating to the order of the Board of School Commissioners of Washington County, passed February 15, 1895, annulling all teachers' certificates, except life certificates and Normal School diplomas, and requiring a re-examination of teachers, and also to the action of the Court in excluding certain correspondence between the School Board and the District Trustees relating to the appointment of the plaintiff.

The plaintiff offered the following prayers :

1st. If the jury find that the plaintiff is a holder of a first grade teacher's certificate issued by the County Examiner under the sanction of the Board of School Commissioners

of Washington County, on 1st day of July, 1886 ; and further find that said certificate was duly extended until July 1, 1897, and that the plaintiff, while so holding said certificate, in the summer of 1888, was appointed principal teacher of, etc., by the Board of District Trustees, and that said appoinment was duly confirmed by the County School Board ; and further find that from the time of his first appointment until the time of bringing this suit he has performed the duties of said teacher, and that he has not at any time received a notice of dismissal from the Board of District Trustees of said school, and that the salary for the term ending November 22, 1895, is due and unpaid, although the plaintiff has made his report, &c., then their verdict should be for the plaintiff.  (*Granted*).

The plaintiff's second prayer was to the effect that his certificate remained in force notwithstanding the annulling order of the County School Board.  His third prayer was that if plaintiff did not receive thirty days notice of dismissal from the District Trustees he continued to be the authorized principal of the school.

The defendant offered the following prayers :

1st. If the jury find that an order was passed by the Board of School Commissioners on the 15th of February, 1895, annulling all certificates of teachers except life certificates and Normal School diplomas after the first of June, 1895, and requiring all teachers of Washington County Public Schools (not holding life certificates nor Normal School diplomas) to be examined at the end of the then scholastic year, and that the plaintiff refused to comply with said order for an examination and did not so comply, but took charge of the Sharpsburg school as principal, against the express order and protest of the School Commissioners, then he is not entitled to recover in this action, although he may have been appointed to teach as principal in said school by the District Trustees of said School District No. 1, without the confirmation of the Board of School Commissioners. (*Rejected*).

2nd. If the jury find by an order of the Board of School Commissioners passed on the 15th of February, 1895, all teachers' certificates (except life certificates and Normal School diplomas) should stand annulled after June 1st, 1895, and that subsequently, on the 23rd of August, 1895, the School Trustees of Sharpsburg sent to the Board of County School Commissioners the name of the plaintiff as their appointment as principal of the public school of Sharpsburg, and that said appointment was rejected and not confirmed by the Board of School Commissioners; and further find that the plaintiff, after being so notified of his rejection as teacher, took charge of the public school of Sharpsburg as principal, and began to teach therein, and continued to teach therein for the term he is now serving for without the consent and against the protest of the said Board of School Commissioners, then he is not entitled to recover in this cause, although the jury may find that he took charge of said school by the consent and under the appointment of the School Trustees of said district. (*Rejected*).

3rd. The jury are instructed that there is no legally sufficient evidence before them which will entitle the plaintiff to recover in this action. (*Rejected*).

The Court below (SLOAN, J.), granted all of the plaintiff's prayers and rejected all of the defendant's prayers.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, BOYD and RUSSUM, JJ.

*Hy. Kyd Douglas*, for the appellant.

An examination of Mr. Wagaman's certificate will show that it was granted to him July, 1886, and by different endorsements (one by Mr. Witmer, as an individual and not as an Examiner) was extended to June 1, 1897. The certificate first issued in July, 1886, was extended after six months, to July, 1889 (3 years), then in June, 1889, to July, 1892 (3 years), then on some unnamed date, was extended to June, 1895 (5 years). When this extension (for 5 years)

was made does not appear ; why for five years, this time, or by what authority does not appear. We did not have the benefit of Mr. Witmer's evidence on this point ; he is not the Examiner of the present board, but the plaintiff, who alone was allowed to offer evidence, might have shown by him when the last extension was endorsed on the certificate and why for five years. But see Code, Art. 77, sec. 63, where the Examiner is empowered to issue the first certificate for five years and no provision made for a renewal. The renewal of certain certificates is provided for in the rules of the State Board of Education, Art. 6, sec. 3. That extends the power of the Examiner, and if legal, must be strictly construed, and does not apply to this certificate. The law nowhere says the Examiner may *renew* a certificate of three years by *extending* it to five. But it does appear *on the face of the certificate itself* that the power of annulling it was reserved to the board. It would seem to be demanded by public policy for the good of the public schools that the board should have this reserved power, and it is so certified on the certificate.

But suppose Mr. Wagaman held a valid or unannulled certificate, how does that justify him in refusing to submit to the examination of all teachers ordered by the Board of School Commissioners ? The power and duty of the Examiner to hold regular examinations of teachers at such times as the board may direct, is expressly announced in Code, Art. 77, sec. 65.

The same right and duty are conferred upon the Examiner by the rules and regulations of the State Board of Education. Art, 4, secs. 4 and 5. Why did Mr. Wagaman, because he held a teacher's certificate, think that he was under no obligation to stand an examination ? The law requires all teachers to have a certificate before they can teach. Code, Art. 77, sec. 48, and it made no exception in favor of the appellee. Every teacher would escape by this excuse, and the provision of the law become a nullity. The rule requiring examination of teachers is a necessary one

for the improvement of the public schools, and the fact that Mr. Wagaman refused it is the best evidence that he ought to have been required to submit to it.

The Code, Art. 77, sec. 27, provides that the District School Trustees shall employ a teacher or teachers, subject to confirmation by the County School Commissioners, from among those who hold certificates. This applies to all teachers, and no distinction is made between principals and assistants. But the appellee contended, and the Court below so held, that the assistant teachers are to be confirmed by the School Commissioners upon appointment by the District Trustees, but that a principal teacher can be appointed by the trustees alone without confirmation; and for this contention he relies upon inferences to be drawn from paragraphs in the Rules and Regulations of the State Board of Education. We cannot assent to this. The Code, Art. 77, sec. 11, says: " The State Board of Education shall enact laws for the administration of the public school system not at variance with this article." The article referred to provides that all teachers shall be confirmed, and makes no distinction between a principal and an assistant teacher; and if the regulations of the State Board provide otherwise, such a provision would be at variance with the Code, and not effective. But do the rules and regulations of the State Board authorize the construction of the appellee? We think not. In Art. 2, sec. 6, among the general duties of the County School Commissioners are " to confirm or reject the principals appointed by the School Trustees; to appoint the principals of county high schools and all assistant teachers," &c. In Art. 3, sec. 3, it is said of the District School Trustees: " They shall appoint a principal teacher from among the persons holding a legal certificate, *subject to confirmation by the County School Board.*" In Art. 5, sec. 13, of the same rules and regulations, it is further said: " All contracts with teachers shall be in writing, signed by the District School Trustees and the teachers; shall be submitted to the County School

Commissioners for confirmation, and *shall not be valid unless confirmed."* A form of such contract is then prescribed, in which it is stated that the teacher " shall be and is hereby appointed to teach at said school, subject to *the confirmation* and *the requirements* of the Board of County School Commissioners," &c. The foregoing extracts, we submit, make the law on the subject of appointment of school teachers very plain, and we cannot see any authority for the position taken by the appellee and the Court below, that the District Trustees had the right to appoint Mr. Wagaman a teacher, not only without this confirmation of the School Board, but in spite of the rejection of his appointment.

This is not the case where a teacher on duty is dismissed and requires thirty days' notice. It was the beginning of a new year ; a new employment. Mr. Wagaman had been newly appointed by the trustees, his name reported with all the other teachers and it rejected. He could not go to teaching without appointment anew, and confirmation, just as much as if he never taught before. At any rate, being notified in August that he would not be permitted to teach, by the School Board, for the coming year, he had more than thirty days' notice of his dismissal for cause.

*Charles D. Wagaman,* for the appellee.

The defendant offered to show that the School Board on February 15, 1895, had passed an order that all certificates except certain ones named in the order, should stand annulled after June 1, 1895 ; that an examination of all teachers holding certificates included in the above order should be held ; and that Mr. Pearson had a personal interview with plaintiff, in which he notified plaintiff of these orders of the School Board. The refusal of the Court to allow this evidence to go to the jury forms the ground for the first bill of exceptions. The refusal of the Court to allow the order of the School Commissioners requiring all teachers to take the examination in June, 1895, is the basis of the second bill of exceptions. The third bill of exceptions

is withdrawn.    And the fourth bill of exceptions is based
upon the granting of the plaintiff's prayers and the rejec-
tion of the defendant's.    We will consider the exceptions
together.    Article 77, sec. 11, of the Code of Public Gen-
eral Laws, provides that the State Board of Education shall
enact by-laws for the administration of the public school
system not at variance with this article and shall have power
to suspend or remove any teacher who may be found inef-
ficient or incompetent for the discharge of the duties as-
signed him, or guilty of such moral delinquency as unfits
him for the office he holds; they shall explain the true
intent and meaning of the law, &c.    The appellee possessed
all the qualifications of a teacher required by the Code or
the School Law.    He held a certificate issued by the
proper authority—*Code Public General Laws*, Art. 77, sec.
48—and this certificate is still in force unless annulled by
the order of the School Commissioners of February 15,
1895.

But a teacher's certificate cannot be annulled except by
the manner and for the one cause prescribed by the statute—
*Code Public General Laws*, Art. 77, sec. 51, and there is no
pretension that this was done.    This general order annull-
ing all certificates was therefore *ultra vires* and properly
excluded from the jury.    If this view is correct the appellee
possessed all the qualifications required of a teacher, and
it was not necessary for him to take the examination and
evidence that he did not was properly excluded from the
jury.

That he was appointed principal by District Trustees and
confirmed by the School Commissioners in 1888 and has
never received notice of dismissal from the District Trus-
tees is not denied; but it is asserted that his appointment
was rejected in 1895 when the names of teachers were sent
by the trustees to the School Commissioners.    Principal
teachers are appointed by the Board of District School
Trustees and not by the Commissioners—*Code Public Gen-
eral Laws*, Art. 77, secs. 27 and 49; *Public School Law*,

pp. 43 and 17—and when once appointed and confirmed by the commissioners, they continue in office until removed by the trustees after thirty days' notice in writing. *Code Pub. Gen Laws*, Art. 77, sec. 49; *Public School Law*, p. 17, and *State Board decision thereunder; Ibid*, p. 41.

The appellee cannot be bound by the fact that the trustees, without his knowledge, sent his name to the commissioners in 1895. He made no new application for appointment. That was unnecessary, for he held over under the original appointment.

BRISCOE, J., delivered the opinion of the Court.

John E. Wagaman brought suit against the Board of School Commissioners of Washington County to recover for services rendered as principal teacher of one of the public schools of that county. He recovered a judgment of $152.40, with interest from the 29th of February, 1896, and from this judgment an appeal has been taken. There were four bills of exceptions taken at the trial below, three of these relate to the admissibility of evidence and the fourth to the ruling of the Court upon the prayers. The facts of the case are that Wagaman held a certificate dated July 1st, 1886, to teach in the public schools of Washington County, and for the first two years thereafter taught as assistant teacher of Sharpsburg School No. 1, District No. 1. Subsequently he was appointed principal of the school by the District Trustees, was confirmed by the Board of School Commissioners, and acted as such from the date of his appointment. He held a first grade, first-class teacher's certificate in the following words:

STATE OF MARYLAND,                    COUNTY OF
        No. 228.                    WASHINGTON.
        *General System of Free Public Schools.*

GRADE 1.                              CLASS ONE.

*Studies.    Per Cent.*
Orthography..... 80      Know all men by these presents,
Reading ....... 80      that John E. Wagaman having
Writing......... 80      given evidence of good moral char-

*Studies.    Per Cent.*

| Studies | Per Cent. |
|---|---|
| Arithmetic | 80 |
| Geography | 70 |
| History | 80 |
| Eng. Grammar | 80 |
| Bookkeeping | 95 |
| Geometry | 100 |
| Algebra | 100 |
| N. Philosophy | 80 |
| Physiology | 80 |
| Average | 84 |
| Teaching Power | |

acter, and having been examined in the branches required by law for a *first grade certificate* as per margin, is hereby authorized to teach in the public schools of Washingty County for one ——— from the date hereof, unless his certificate be annulled.

Given under my hand and the seal of the Board of County School Commissioners, this first day of July, eighteen hundred and eighty-six.

Salary $90.00, less 10 per cent. first year.

P. A. WITMER,
*Examiner.*

Endorsed as follows :

The within named John E. Wagaman having taught in the public schools of his county for six months subsequent to the issue of this certificate, and having satisfied me from personal observation of ability to govern a school and impart instructions according to the most approved methods, this certificate is renewed and extended to the first day of July, 1889.

(Signed),      P. A. WITMER,
*Secretary, Treasurer and Examiner.*

June 12th, 1889, extended to July 1st, 1892, and raised to first class.

P. A. WITMER.

Extended to June 1st, 1897.

P. A. WITMER,
*Examiner.*

On the 15th of Feb., 1895, the Board of School Commissioners passed an order requiring an examination of all teachers at the end of the scholastic year. The plaintiff had notice of this order, but refused to take the examination, stating "that his certificate did not expire until 1897, and that he did not feel like taking it." He was afterwards, in August, 1895, appointed principal of Sharpsburg School, but was rejected by the School Board. Notwithstanding this rejection he was re-appointed by the District Trustees, and

entered upon his duties as such principal with full knowl-
edge of his rejection by the board.   His salary was refused
by the School Board at the end of the school term, and this
suit is brought for its recovery.

In the view we take of this case, it does not become neces-
sary for us to consider all the questions presented on the
appeal.   Now it is quite clear that the teachers are employed
by the District School Trustees, subject to confirmation by
the County School Commissioners, and shall be appointed
from among the persons holding a legal certificate.   Code,
Art. 77, sec. 27.   The contract of employment prescribed
by the rules and regulations of the State Board of Educa-
tion requires, " that the teacher " is hereby appointed to
teach, subject to the confirmation and the *requirements* of
the Board of County School Commissioners.   And it is
provided by the 48th sec. of Art. 77 of the Code, that " No
person shall be employed as a teacher, unless such person
shall hold a certificate of qualification issued by the Exam-
iner of the county in which he or she proposes to teach, or
from the principal of the State Normal School, a diploma as
graduate of said school, or certificate from the State Board
of Education."  And by the 63rd section of the same Article,
it is further provided that such a certificate shall, however,
not continue in force for more than six months, unless the
person receiving the same shall satisfy the Examiner of his
fitness for governing a school and his ability to impart in-
struction in the various branches taught in the public schools;
but when the Examiner shall satisfy himself upon those
points he shall be empowered to issue a certificate, which
shall continue in force for five years, unless revoked for
cause.

It appears, however, that the certificate held by the plain-
tiff was granted to him July, 1886.   It was extended after
six months, for three years, to July, 1889 ; then in July,
1889, for three years, to July, 1893, and then on some date
not mentioned on the certificate, for five years, to June,
1897.   But is urged that by Art. 6, sec. 3, of the by-laws

of the State Board of Education certificates of the first grade, &c., may be renewed by the Examiner without an examination.

But assuming, without deciding that the adoption of this rule was a valid and legal exercise of power by the State Board under sec. 11, Art. 77 of the Code, yet we find nothing in this rule in conflict with the view we take of this case. Here the certificate was first extended by the Examiner for three years, then again for three years, and further for the period of five years. This was manifestly never contemplated by Art. 6, sec. 3 of the rules of the State Board. The renewal referred to by this rule clearly means the renewal of a certificate which had been validly continued by the Examiner under sec. 63, Art. 77 of the Code. A certificate of the first grade under this rule may be renewed after the expiration of five years by the issue of a new certificate in compliance with Art. 77 of the Code, but this is not that case.

The appellee then, not holding a valid certificate to teach, should have submitted to the examination directed by the School Board, of which he had full notice, and failing to comply with requirements of this order, he was not qualified to teach the school under his former appointment. There can be no question that his appointment of August, 1895, was invalid, because it failed of confirmation by the School Board.

It follows, then, that. there was error in granting the' plaintiff's prayers, because they practically instructed the jury that upon the facts of the case the plaintiff was entitled to recover, and in rejecting the defendant's prayers which instructed the jury that there was no legally sufficient evidence which would entitle the plaintiff to recover. For these reasons we shall reverse the judgment, and as there can be no recovery by the plaintiff we shall not award a new trial.

*Reversed without awarding a new*
*trial, with costs.*